**R. Norris WOOD, et al., Plaintiffs,**

v.

**BARNETTE, INC., et al., Defendants.**

**Civ. A. No. 86–0597–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 26, 1986.

James S. Ellenson, Blayton, Allen and Associates, Hampton, Va., for plaintiffs.

Keith D. Boyette, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for Dominion Bank and Pugh.

James F. Johnson, John D. Eure, Johnson, Ayers & Matthews, Roanoke, Va., for other defendants.

Michael A. Cleary, Alexander I. Saunders, Woods, Rogers & Hazlegrove, Roanoke, Va., for Barnett, Inc., J.P. Edwards, J.C. Walters, Jr. and Grat Harrison.

## MEMORANDUM

MERHIGE, District Judge.

This action is before the Court on defendants' motions to dismiss for improper ven-

ue or, in the alternative, to transfer to another venue, and defendant Dominion Bank's motion for summary judgment in its favor. In addition, plaintiff has moved to add Dominion Bank, N.A. as a defendant and to dismiss defendants Harrison and Pugh. The instant motions have been fully briefed and argued and are ripe for disposition.

*The Parties*

Plaintiffs are individual plaintiffs, R. Norris Wood and Peggy Wood, and corporate plaintiffs, Norris Air Conditioning, Inc. ("Norris") and Wood Leasing, Inc. ("Wood Leasing"). Mr. and Mrs. Wood are Florida residents. Norris and Wood Leasing are alleged to be Florida corporations owned by the Woods.

All but two defendants in this action are alleged residents of Richlands, Virginia. J.P. Edwards is a resident of Richlands and a director of the Dominion Bank. Defendant Barnette, Inc. is a Virginia corporation owned by Edwards and located in Richlands. Grat Harrison is an employee of Barnette, Inc. who resides in Richlands. Sonny Pugh is a Dominion Bank employee residing in Richlands. The only out-of-state defendant is J.C. Walters, Jr., a resident of Bluefield, West Virginia, who allegedly made a fraudulent appraisal of certain assets sold to the plaintiffs.

Finally, Dominion Bank is named as a defendant and its status is in dispute. Plaintiff alleges that Dominion Bank is a Virginia bank with branch offices throughout Virginia. In rebuttal, defendants contend, by affidavit, that Dominion Bank is a non-operating Virginia corporation which has never transacted any business anywhere.

Defendants argue that Dominion Bank, N.A. is the proper defendant in this action, and plaintiffs have moved to add it as a defendant. Dominion Bank, N.A. is one of several national banking associations owned by Dominion Bankshares Corporation. It is not incorporated in any state, but has its principal office in Roanoke County and neither has employees nor is licensed to do business in the Eastern District of Virginia.

*Facts*

According to plaintiff's allegations, in early 1984 plaintiff Wood and defendant Edwards entered into certain business discussions. In April 1984, Edwards offered to sell a sheet metal shop owned by his company, Barnette, Inc., to Wood. Wood agreed to buy the shop for $300,000, but stated that he could not pay cash. Therefore, Edwards told Wood that, as a director of the local Dominion Bank, he could act as a guarantor on a loan to Wood from Dominion.

On May 1, 1984, Barnette, Inc. and Wood Leasing entered into an agreement for Wood Leasing to purchase the shop from Barnette, Inc. for $300,000. Plaintiff Norris also agreed to lease from Edwards certain real property where the shop was located.

On May 17, 1984, Dominion Bank loaned the Woods $235,000, guaranteed by defendants Edwards and Barnette, Inc. Such loan was secured by a portion of the equipment purchased from Edwards by Wood Leasing. Walters, allegedly a long-time friend of Edwards, appraised this equipment at a value of $440,000, while plaintiffs allege the shop and equipment together were worth only $72,000.

Plaintiffs allege that Pugh, a Dominion Bank loan officer, and Harrison, a Barnette employee, conspired with Edwards in a fraudulent scheme concerning these transactions.

*Procedural Background*

Plaintiffs brought this action on September 23, 1986, alleging four causes of action: (1) violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, 1962 & 1964; (2) conspiracy to willfully and maliciously injure plaintiffs in their trade or business in violation of Va. Code § 18.2–499; (3) common law conspiracy to perpetrate a fraud upon the plaintiffs; and (4) gross and reckless negligence by Dominion Bank in allowing a director and a loan officer to give a

loan secured by fraudulently appraised equipment and guaranteed by one of its directors.

All of the defendants have moved to dismiss this action under Fed.R.Civ.P. 12(b)(3) or, in the alternative, to transfer this action to the Western District of Virginia, Abingdon Division, under 28 U.S.C. § 1404(a). Defendant Dominion Bank also has moved to be dismissed under Rule 12(b)(6) or, in the alternative, for summary judgment, claiming that it had no involvement in any of the transactions plaintiffs allege.

In opposition to defendants' motions to dismiss, plaintiffs, in addition to asserting that venue is proper, have moved to add Dominion Bank, N.A. as a defendant and to dismiss defendants Harrison and Pugh.

A separate lawsuit among substantially the same parties and on the identical facts currently is pending in the Western District of Virginia, Abingdon Division. This suit was filed by Edwards, as subrogee of Dominion Bank, N.A., on September 2, 1986, against Mr. and Mrs. Wood and Wood Leasing, Inc. In his complaint, Edwards alleged that the Woods had defaulted on their loan, that Edwards paid the balance as guarantor, and that he was entitled to subrogation of the Bank's claim for the loan balance and of the Bank's claim under a security agreement to obtain secured collateral or enforce the note. In their answer and counterclaim, the Woods and Wood Leasing added Barnette, Inc. and Walters as necessary parties under Rule 14(a) and alleged common law fraud and conspiracy arising from fraudulent appraisal. Plaintiffs alleged that they were thereby entitled to compensatory damages of $539,334—the identical amount claimed in the instant suit.

## JURISDICTION AND VENUE

Jurisdiction is premised on 18 U.S.C. § 1964(c) concerning plaintiff's RICO claim and on the Court's diversity jurisdiction under 28 U.S.C. § 1332 for all other claims. There appears to be no dispute that all plaintiffs are diverse from all defendants and that the amount in controversy exceeds $10,000.

Venue is premised on 18 U.S.C. § 1965 (a) and (b) and on 28 U.S.C. §§ 1391(a) and 1392(a). The proper interpretation of these venue provisions lies at the heart of the instant dispute.

## The Merits

Five motions are before the Court: (1) plaintiffs' motion to add Dominion Bank, N.A. as a defendant; (2) plaintiffs' motion to dismiss defendants Harrison & Pugh; (3) defendant Dominion Bank's motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment; (4) defendants' motion to dismiss for improper venue under Rule 12(b)(3); and (5) defendants' alternative motion to transfer the action to the Western District of Virginia, Abingdon Division under 28 U.S.C. § 1404(a). Because the Court's decision on venue may be dispositive, it must be addressed at the outset.

### 1. Dismissal for Improper Venue

Defendants have moved to dismiss the instant action, claiming improper venue under Fed.R.Civ.P. 12(b)(3). Under 28 U.S.C. § 1406(a), when a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

When a defendant moves to dismiss under Rule 12(b)(3), plaintiff bears the burden of establishing that venue is proper. *See, e.g., Bartholomew v. Virginia Chiropractors Association, Inc.*, 612 F.2d 812, 816 (4th Cir.1979), *cert. denied*, 446 U.S. 938, 100 S.Ct. 2158, 64 L.Ed.2d 791 (1980).

Plaintiffs in the instant action claim proper venue in the Eastern District of Virginia based on three separate statutes, which each must be examined in turn.

### a. RICO Venue Provisions

Plaintiffs assert that venue in their RICO claim is properly laid in the Eastern District, based on 18 U.S.C. § 1965(a) and (b), which provides:

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which

such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under § 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

Plaintiffs contend that venue is properly laid in the Eastern District under Section 1965, claiming that Dominion Bank does business in the Eastern District, making venue proper as to the Bank under Section 1965(a), and that the ends of justice require that the other defendants who reside outside of the Eastern District be brought here under Section 1965(b).

Defendants first refute by affidavit plaintiff's contention that Dominion Bank does business in the Eastern District, attesting that it is merely a non-operating entity registered with the State Corporation Commission in order to reserve use of the trade name. The plaintiff's only proof to refute this contention is a newspaper advertisement from a Newport News paper, which refers to "Dominion Bank" in its text and as part of its logo. In the Court's view, using the trade name "Dominion Bank" in an advertisement provides no evidence that Dominion Bank transacts any business in the Eastern District. Rather, the affidavit produced by defendants clearly establishes that Dominion Bank does not transact any business in the Eastern District or elsewhere.

■ While not argued by plaintiff, however, it appears that Dominion Bank "resides" in the Eastern District, making venue proper as to the Bank under Section 1965(a). Under the general venue provisions in 28 U.S.C. § 1391(c), a corporation may be sued, among other places, "in any judicial district in which it is incorporated ..., and such judicial district shall be regarded as the residence of such corporation for venue purposes." Thus, because Dominion Bank is incorporated in Virginia, it

can be sued in any district in Virginia and such district be deemed its residence for venue. Therefore, the Court concludes that venue is proper in the Eastern District as to Dominion Bank.

Even though venue is proper under Section 1965(a) as to the Bank, however, plaintiffs have failed to establish that venue is proper as to the other defendants under Section 1965(b), requiring a showing that such venue is required by "the ends of justice." Plaintiffs' only support for this requirement is that the plaintiffs and other unnamed witnesses reside in Florida and that Richmond provides more convenient airplane and lodging arrangements for them.

■ Contrary to plaintiff's contention, the ends of justice more likely require that the instant action be brought in the Western District. *See Farmers Bank v. Bell Mortgage Corp.*, 577 F.Supp. 34 (D.Del. 1978) (ends of justice required summoning one non-resident defendant to district where venue proper as to majority of defendants, and where judicial economy favored trying whole action in one court). Defendants Barnette, Inc., Edwards, Harrison and Pugh are located in the Western District. The Dominion Bank branch which made the loan to the Woods is located in the Western District. According to the affidavit of W.S. Pugh, Jr., Vice President and Community Bank Manager of Dominion Bank in Richlands, the collateral securing the Woods' loan, and which the Woods claim was fraudulently appraised, was located in the Western District, as are all Bank witnesses to the alleged transactions. Further, the loan negotiations took place in the Western District and the loan documents were executed there. In fact, it is uncontroverted that the only defendant residing in the Eastern District, Dominion Bank, had absolutely no involvement with the transactions alleged in the instant action. Thus, it appears that the majority of evidence, witnesses and defendants are located in the Western District.

While plaintiffs argue that airport transportation to Abingdon is inconvenient, and that plaintiffs have more convenient lodg-

ing arrangements in Richmond, this inconvenience is outweighed by the inconvenience of forcing the majority of defendants and witnesses to drive approximately 330 miles from Richlands to Richmond.

One further fact militates against plaintiffs' assertion that the ends of justice require venue to be laid in Richmond—the existence of the pending Abingdon lawsuit based on the same factual allegations as the instant action. In deciding what "the interests of justice" require, avoiding a multiplicity of litigation is an important factor. *See Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 20–21, 80 S.Ct. 1470, 1471–1472, 4 L.Ed.2d 1540 (1960) (finding transfer of case under 28 U.S.C. § 1404(a) so that two lawsuits arising from single occurrence would be heard in some venue to be "in the interest of justice"). In the instant case, the parties to the two suits are substantially identical, as are the factual allegations. Similar discovery, witnesses, and documents may be expected in both suits. Requiring discovery to take place and witnesses to appear in both the Eastern and Western Districts of Virginia may unnecessarily inconvenience many individuals and waste judicial resources.

Thus, laying venue in the Eastern District is not required by the interests of justice. Rather, the ends of justice would appear to require that Mr. Walters, the only defendant outside of the Western District, be summoned to the Western District, Abingdon Division (which is only forty-five miles from his home), where the majority of defendants, witnesses and evidence are located.[1]

### b. *Venue Under 28 U.S.C. § 1392*

Plaintiff claims that venue properly is laid in the Eastern District under 28 U.S.C. § 1392(a), which provides:

(a) Any civil action, not of a local nature, against defendants residing in different districts in the same state, may be brought in any of such districts.

Defendants contend, correctly in this Court's view, that Section 1392(a) does not apply to the instant action. Section 1392(a) merely provides that, when all defendants reside in the same state but do not reside in the same district, venue is proper in any of such districts. In the instant case, however, not all of the defendants reside in Virginia. According to plaintiffs' own allegations, defendant Walters resides in Bluefield, West Virginia. Therefore, the venue provisions of Section 1392(a) do not apply.

### c. *Venue Under 28 U.S.C. § 1391–92*

Plaintiffs' final argument relies on their interpretation of the general venue provisions in 28 U.S.C. §§ 1391(c) and 1392(a). Section 1391(c) provides:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Plaintiffs contend that under this section Dominion Bank, a Virginia corporation, may be sued in the Eastern District and be deemed a resident of the Eastern District for venue purposes. The Court notes that, even if Dominion Bank were dismissed from the instant suit, plaintiffs' argument is equally applicable to defendant Barnette, Inc., which also is a Virginia corporation.

Plaintiffs next contend that reading Section 1391(c) in conjunction with 28 U.S.C. § 1392(a) allows them to bring suit in the Eastern District against all the defendants in this action. Section 1392(a) provides that:

---

1. Because the Court has determined that venue is improper in the Eastern District, it does not address defendant Dominion Bank's motion for summary judgment or plaintiffs' motion to add Dominion Bank, N.A. as a defendant. The Court notes, however, that were Dominion Bank, N.A., rather than Dominion Bank, a defendant in this action, venue clearly would be improper in the Eastern District. Unlike Dominion Bank, Dominion Bank, N.A. could not properly be brought into the Eastern District under Section 1965(a) because, according to defendants' uncontested affidavits, Dominion Bank, N.A. does not reside, have an agent, or transact its affairs in the Eastern District.

Any civil action, not of a local nature, against defendants residing in different districts in the same state, may be brought in any of such districts.

The plaintiffs argue that, by treating Dominion Bank as a resident of the Eastern District under Section 1391(c), the instant action becomes one "against defendants residing in different districts in the same state" under Section 1392(a), thereby allowing it to be brought in the Eastern or Western District at plaintiffs' option.

Plaintiffs' argument is flawed on two grounds. First, as already discussed, Section 1392(a) applies to actions in which all the defendants reside within the same state but in different districts. In the instant action, defendant Walters resides in West Virginia, while the other defendants reside in Virginia. Thus, Section 1392(a) is inapplicable.

Even were all the defendants residents of Virginia, this Court is not convinced that plaintiffs' construction of the interrelationship between Section 1391(c) and 1392(a) is correct. As the defendants point out, there appears to be a split of authority among the circuits concerning these statutes' construction, and a prominent treatise on federal procedure argues that plaintiffs' proposed construction is against the policy behind Section 1392(a). See 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3811, at 132–33 (2d ed. 1986). This treatise finds that "[t]here is no reason to bring the individual defendant, resident in the Western District, to defend a lawsuit in the Eastern District, when the suit can be conveniently heard in the Western District where both defendants reside." *Id.* at 133.[2] Thus, venue is not properly laid in the Eastern District under 28 U.S.C. §§ 1391(c) and 1392(a).

### d. *Proper Remedy for Improper Venue under 28 U.S.C. § 1406(a)*

■ Having concluded that the instant action was brought in the wrong venue, the Court must determine the proper remedy. Under 28 U.S.C. § 1406(a), the district court, after finding that venue is improper, "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that it would be in the interest of justice to transfer the instant case to the Western District, Abingdon Division, rather than dismissing it as defendants request.

In order to transfer this case to the Western District, such district must be one in which the suit could have been brought. In the instant action, venue is properly laid in the Western District under 18 U.S.C. § 1965(a) and (b). Under subsection (a), venue is proper in the Western District as to defendants Barnette, Inc., Dominion Bank, Harrison, Pugh, and Edwards, each of whom "resides, is found, has an agent, or transacts his affairs" in the Western District. Venue is proper as to the remaining defendant, Walters, who resides in Bluefield, West Virginia, because it is required by "the ends of justice," as provided in subsection (b).

As already discussed in some detail, laying venue in the Western District in this action serves the ends of justice because the majority of witnesses, defendants and evidence are located there. In addition, a related action is pending in the Abingdon Division. Finally, subjecting defendant Walters to suit in Abingdon provides limited inconvenience because he resides only 60 miles from Abingdon, but 330 miles from Richmond. Thus, this Court finds that the instant action should be transferred to the Western District, Abingdon Division, under 28 U.S.C. § 1406(a).

### 2. *Transfer Under 28 U.S.C. § 1404(a)*

In their motions to dismiss, defendants sought alternative relief under Section

---

**2.** It is interesting to note that plaintiffs, in their brief in opposition to defendants' motion to dismiss, cite a 1979 case from the Southern District of New York to support their construction of Section 1392(a). However, that same court decided in 1984 that the approach taken by Wright and Miller was the "better view, based on the language of the section and its underlying policy." *Andrew H. v. Ambach,* 579 F.Supp. 85, 89 (S.D.N.Y. 1984).

1404(a) if the Court found that venue was proper in the Eastern District. Because this Court finds that venue is improper, it is unnecessary to address this portion of defendants' motions.

3. *Motions to Dismiss Defendants Harrison and Pugh, to Add Dominion Bank, N.A. as Defendant, and to Grant Summary Judgment to Dominion Bank*

Because venue is improperly laid in the Eastern District, this Court is without jurisdiction in the instant action. Therefore, it is unable to decide the instant motions to dismiss and add various defendants and to grant summary judgment in favor of Dominion Bank.

*Conclusion*

Based on the foregoing reasons, the Court finds that venue is improper in the Eastern District and that the instant action shall be transferred to the Western District, Abingdon Division.

An appropriate order shall issue.