Miriam GRILL, Plaintiff,

v.

The WALT DISNEY COMPANY &
Walt Disney World Company
d/b/a Epcot Center, Defendants.

No. 87 Civ. 9273 (MBM).

United States District Court,
S.D. New York.

April 5, 1988.

David I. Goldstein, Dubbs DePodwin & Goldstein, Spring Valley, N.Y., for plaintiff.

James P. Barrett and Bernard E. Jacques, Simpson Thacher & Bartlett, New York City, for defendants.

OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Miriam Grill, a New York resident, brings this action against Walt Dis-

ney World Company ("Disney World Co.") and its parent company, Walt Disney Company ("Disney Co.")[1], to recover for personal injuries which she allegedly sustained while visiting Walt Disney World, the recreational theme park owned and operated by defendant Disney World Co. in Orlando, Florida.

Defendant Disney World Co. moves to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(2) for lack of personal jurisdiction, or alternatively to transfer venue of the action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the defendant's motion to dismiss is denied and the motion to transfer venue is granted.

FACTS

Before submitting papers on this motion, the parties conducted discovery on the jurisdiction question by deposing Sidney Jackowitz, assistant general counsel and assistant secretary of Disney World Co., and Doris Smith, vice-president and corporate secretary of Disney Co. The facts elicited at these depositions and submitted in the affidavit of Mr. Jackowitz in support of the motion are as follows:

Disney World Co. is incorporated in Delaware and is qualified to do business in Florida, where it has its principal place of business. Disney World Co. is not qualified to and does not do business in New York. It has no telephone listing in New York. It has no assets, bank accounts or real property in New York. It maintains no office or place of business in New York, and it has no officers, agents or employees in New York.

Disney World Co. sends information regarding Disney World to travel agents in New York. However, it pays no commissions to any travel agents who book reservations to Disney World. In addition, Disney World Co. has licensed certain companies including Delta Airlines to refer to Disney World in the promotion of their goods and services, but it does not pay for the advertising expenses incurred by these licensees. Disney World Co. does not accept or confirm in New York reservations for Disney World, and has no agent in New York who accepts or confirms reservations. Although it appears that licensees have authority to accept reservations, these must be confirmed directly by Disney World Co. in Florida.[2]

Disney World Co. has an agreement with an advertising agency in New York pursuant to which the agency buys advertising time for Disney World Co.

Disney World Co. is a wholly-owned subsidiary of Disney Co. which maintains an office in New York City and is authorized to do business in New York. Disney Co. does not accept or confirm reservations for Disney World, nor does it arrange for advertising or promotion on Disney World Co.'s behalf in New York. It does not perform any services in New York on behalf of Disney World Co.

Disney Co. does not supervise the day-to-day operations of Disney World Co. The two companies maintain separate books and records. Two of Disney World Co.'s directors also serve on the board of Disney Co.

DISCUSSION

When the question of jurisdiction is decided without a full evidentiary hearing, plaintiff need only establish a *prima facie* case. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). However, where, as here, the parties have con-

---

1. The evidence, as set forth below, shows that although there is personal jurisdiction over Disney Co. in New York, it has no involvement in the ownership or operation of Disney World other than its ownership of Disney World Co.

2. Mr. Jackowitz's testimony concerning licensees' authority to make reservations was somewhat uncertain. He stated, "As I understand it Delta can put together their own packages where they sell airline tickets from whatever destination, whatever point of origin to Orlando and included in that package could be reservations to Walt Disney World." When asked whether Delta had the authority to confirm reservations, Mr. Jackowitz responded, "I think if Delta sells a package that includes a stay at Walt Disney World that then Delta confirms reservations with Walt Disney World so that the guest knows that they can stay here. The exact procedure on how that occurs, I do not know." (Jackowitz Dep. at 17, 19).

ducted substantial discovery on the jurisdiction issue, plaintiff may be held to a higher standard of proof. *See, Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984). In any event, I need not decide the question of which standard of proof should apply here because plaintiff has failed to meet even the lesser burden of proof.

■ Plaintiff claims that defendant Disney World Co. is subject to *in personam* jurisdiction in New York under CPLR § 301 because it "continuously and pervasively" solicits business in New York and because its parent company is present in New York. I find no basis on this record for asserting personal jurisdiction over defendant Disney World Co.

A corporation is subject to *in personam* jurisdiction under CPLR § 301 when it is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *McGowan v. Smith*, 52 N.Y. 2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981) (quoting *Simonson v. International Bank*, 14 N.Y.2d 281, 285, 251 N.Y. S.2d 433, 200 N.E.2d 427 (1964)). A corporation is "doing business" within the meaning of CPLR § 301 if it does business in the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917).

It has consistently been held that mere solicitation of business by a foreign corporation in New York is an insufficient basis for the exercise of personal jurisdiction. *See, Rolls-Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1044–45 (S.D.N.Y. 1987). However, "when there are activities of substance in addition to solicitation there is presence and, therefore, jurisdiction." *Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982) (citations omitted). The jurisdictional standard that requires solicitation and additional activities has come to be known as the "solicitation plus" doctrine. *See, Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 211 (2d Cir.1970).

The leading New York case involving the exercise of *in personam* jurisdiction over a foreign hotel is *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967). In that case, the hotel's agent in New York, an affiliated company, performed various services for the hotel including solicitation of business, public relations and confirmation of reservations. The Court of Appeals held that there was jurisdiction over the defendant hotel, observing that its New York agent "does all the business which [defendant] could do were it here by its own officials." *Id.* at 537, 281 N.Y.S.2d 41, 227 N.E.2d 851. The Court distinguished an earlier case, *Miller v. Surf Properties, Inc.*, 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958), in which it held that a Florida hotel whose New York agent accepted reservations but did not have the authority to confirm them was merely soliciting business in New York and therefore not subject to personal jurisdiction here. *Id.* at 537–38, 281 N.Y.S.2d 41, 227 N.E.2d 851.

In *Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116 (2d Cir.1967), *cert. denied*, 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1968), the Second Circuit interpreted *Frummer* to mean that "a foreign corporation is doing business in New York ... when its New York representative provides services beyond 'mere solicitation' and these services are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *Id.* at 121. Observing that the defendant bus line employed a New York travel agent that had the authority to make and confirm reservations and performed various other services similar to those performed by the agent in *Frummer*, the Second Circuit held that the bus line was subject to *in personam* jurisdiction under CPLR § 301. *Id.*

Most recently, the Second Circuit held that there was *in personam* jurisdiction over a foreign hotel whose New York agent performed marketing services for

the hotel and had authority to make and confirm reservations for the hotel. The Court concluded that these services "[go] well beyond the 'mere solicitation of business' referred to in *Miller v. Surf Properties, Inc.*" *Welinsky v. Resort of the World D.N.V.*, 839 F.2d 928 (2d Cir.1988).

■ Plaintiff has failed to demonstrate that Disney World Co. engages in activities in New York beyond the "mere solicitation" of business. The uncontroverted evidence establishes that, apart from having an agreement with a New York advertising agency, Disney World Co. engages in no activities in New York. Nor does Disney World Co. avail itself of the services of an agent who performs the kinds of services performed by the agents in *Frummer, Gelfand,* or *Welinsky*. Although it appears that defendant's licensee Delta Airlines has authority to accept reservations, it does not have authority to confirm reservations. An agent's authority to accept reservations is an insufficient basis for jurisdiction. *See, Miller, supra,* 4 N.Y.2d at 480–81, 176 N.Y.S.2d 318, 151 N.E.2d 874.

■ Plaintiff appears to argue that the presence of Disney Co., the parent company, provides the additional activity necessary for the exercise of personal jurisdiction over Disney World Co. However, the mere presence of the parent company is not a sufficient basis for jurisdiction, unless the parent is acting as the agent of the subsidiary, or the parent's control over the subsidiary is such that the subsidiary is merely a department of the parent. *Saraceno v. S.C. Johnson and Son, Inc.,* 83 F.R.D. 65, 67 (S.D.N.Y.1979); *Delagi v. Volkswagenwerk AG,* 29 N.Y.2d 426, 432, 328 N.Y.S.2d 653, 657, 278 N.E.2d 895, 897 (1972); *Frummer, supra,* 19 N.Y.2d at 537, 281 N.Y.S.2d 41, 227 N.E.2d 851. Neither is the sharing by the parent and subsidiary of common directors a sufficient basis for jurisdiction. *See, Marantis v. Dolphin Aviation, Inc.,* 453 F.Supp. 803 (S.D.N.Y.1978). There is nothing in the record which suggests that Disney Co. acts as agent for Disney World Co., or that

Disney World Co. is merely a department of Disney Co. Accordingly, the presence of the parent company in New York does not confer jurisdiction over the defendant Disney World Co.

Nor can the mere presence of the parent be deemed additional activity for the purpose of conferring jurisdiction under the "solicitation plus" doctrine. While the additional activity standing alone need not be a sufficient basis for jurisdiction, *see, Aquascutum of London, Inc. v. S.S. American Champion, supra,* at 211; *Bulova Watch Co. v. K. Hattori & Co.,* 508 F.Supp. 1322, 1344 (E.D.N.Y.1981), the "solicitation plus" doctrine requires that additional activities be undertaken in the state either directly by the defendant or through its agent. As the Second Circuit noted in *Aquascutum, supra,* at 212, the additional activities sufficient to confer jurisdiction under the solicitation plus doctrine "have involved either some financial or commercial dealings in New York ... or the defendant holding himself out as operating in New York, either personally or through an agent." Because the uncontroverted evidence shows that the parent, Disney Co., engages in no activities in New York on behalf of the defendant, the parent's mere presence in New York cannot be found to satisfy the "plus" element of the solicitation plus rule.

For the foregoing reasons, I find that defendant Disney World Co. is not subject to *in personam* jurisdiction in New York. However, the Court's lack of *in personam* jurisdiction does not require dismissal of the action because 28 U.S.C. § 1406(a) permits transfer of an action commenced in the wrong judicial district to the proper district in the interest of justice. *Goldlawr v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Here, transfer is appropriate because defendants have actual notice of the litigation and therefore will not be prejudiced. Accordingly, I deny Disney World Co.'s motion to dismiss the complaint for lack of personal jurisdiction and grant defendant's motion[3] to transfer the

---

**3.** Defendant moved in the alternative to transfer venue to the Middle District of Florida pursuant

to 28 U.S.C. § 1404(a) which permits a transfer of venue "[f]or the convenience of parties and

action to the Middle District of Florida where defendant Disney World Co.'s premises are located.

SO ORDERED.

witnesses, in the interest of justice." I grant this transfer of venue pursuant to 28 U.S.C. § 1406(a) which provides that when a case is

filed in the wrong district, a district court may transfer venue in the interest of justice to a district "in which it could have been brought."