Brian J. SCHENCK, as Administrator of the Estate of Patricia A. Schenck, and Brian J. Schenck, individually, and Brian J. Schenck, Jr. by his father and natural guardian, Brian J. Schenck, **Plaintiffs,**

v.

**WALT DISNEY COMPANY and Walt Disney World Company, Defendants.**

**No. 90 Civ. 1773 (JMC).**

United States District Court, S.D. New York.

July 17, 1990.

Christopher T. McGrath, Sullivan & Liapakis, P.C., New York City, for plaintiffs.

James P. Barrett, Simpson Thacher & Bartlett, New York City, for defendants.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendant's motion to dismiss is denied. Fed.R.Civ.P. 12(b)(2). Defendant's motion to transfer is granted. 28 U.S.C. § 1406(a).

### BACKGROUND

On October 9, 1989, Patricia Schenck, a New York resident visiting Walt Disney World in Orlando, Florida, was killed when the small rental boat she was piloting collided with a 500–person ferry boat. Brian Schenck, the deceased's husband, subsequently commenced a wrongful death action in New York State Supreme Court against Walt Disney World Company ["WDW"] and its parent, Walt Disney Company ["Disney Co."]. The action was thereafter removed to the United States District Court for the Southern District of New York.

Defendant WDW now moves to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, alternatively, for a transfer of venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the motion and claims that WDW is subject to personal jurisdiction under section 301 of the New York Civil Practice Law and Rules ["CPLR"] because it is "doing business" in the State of New York.

### DISCUSSION

The law regarding personal jurisdiction is well established and need not be discussed in detail. Personal jurisdiction over a defendant in a diversity action is determined by the law of the forum in which the court sits. *See Marine Midland*

*Bank, N.A. v. Miller,* 664 F.2d 899, 901 (2d Cir.1981). Plaintiff must ultimately establish personal jurisdiction over defendant by a fair preponderance of the credible evidence. *See Cutco Indus. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986). However, where the court relies on pleadings and affidavits, instead of holding an evidentiary hearing, plaintiff need only make a prima facie showing that personal jurisdiction exists.[1] *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *Marine Midland,* 664 F.2d at 904. In the absence of an evidentiary hearing, all pleadings and affidavits are construed in the light most favorable to plaintiff. *See Cutco,* 806 F.2d at 365.

■ Section 301 of the CPLR provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." This section preserves earlier New York case law which holds that "a corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Hoffritz,* 763 F.2d at 58 (quoting *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)). The test of whether a foreign corporation is doing business in New York is a "simple pragmatic one," *Bryant v. Finnish Nat'l Airline,* 15 N.Y.2d 426, 432, 208 N.E.2d 439, 441, 260 N.Y.S.2d 625, 629 (1965), in which the court determines whether the foreign corporation's activities in New York are "continuous and systematic." *Hoffritz,* 763 F.2d at 58. In applying this test, the court must decide whether "the quality and nature of the corporation's contacts with the State ... make it reasonable and just according to 'traditional notions of fair play and substantial justice' that it be required to defend the action [in New York]." *Laufer v. Ostrow,* 55 N.Y.2d 305, 310, 434 N.E.2d 692, 694, 449 N.Y.S.2d 456, 458 (1982) (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

In support of its motion to dismiss, WDW argues that it does not engage in the type of regular and systematic activities required for a finding of corporate "presence" in New York. WDW points out that it is a Delaware corporation which is qualified to do business in Florida and which maintains its principal place of business in Florida. Affidavit of Sydney L. Jackowitz, ¶ 2, 90 Civ. 1773 (JMC) (S.D.N.Y. Mar. 22, 1990) ["Jackowitz Affidavit"]. In addition, WDW is not qualified to do business in New York, has no office or place of business in New York, has no telephone listing in New York, and has no officers, agents or employees in New York. *Id.* at ¶ 4. Furthermore, WDW has neither incurred nor paid taxes to New York and has no assets in New York. *Id.* at ¶¶ 4–5.

Despite these facts, plaintiff contends that WDW is "doing business" in two ways: (1) through the solicitation of business by its New York representatives and (2) through the presence in New York of its parent, Disney Co. The Court will address each of these contentions in turn.

## I. *Solicitation of Business in New York*

■ Mere solicitation of business in New York by a foreign corporation does not constitute "doing business" for jurisdictional purposes. *See Laufer,* 55 N.Y.2d at 310, 434 N.E.2d at 694, 449 N.Y.S.2d at 459; *Carbone v. Fort Erie Jockey Club,*

---

**1.** Plaintiff argues that in the event he fails to make even a prima facie showing of personal jurisdiction over WDW, he should nevertheless be entitled to conduct discovery on the issue of jurisdiction. However, to be permitted jurisdictional discovery, plaintiff must at least allege facts that would support a colorable claim of jurisdiction. *See Daval Steel Products v. M.V. Juraj Dalmatinac,* 718 F.Supp. 159, 162 (S.D.N.Y.1989). The Court finds that plaintiff has failed to make even this threshold showing. In any event, it seems that plaintiff had access to the jurisdictional discovery taken in *Grill v. Walt Disney Co.,* 683 F.Supp. 66 (S.D.N.Y.1988), a case which raised identical jurisdictional questions. *See* Affirmation in Opposition, Exhs. J, Q, & Y, 90 Civ. 1773 (JMC) (S.D.N.Y. Apr. 16, 1990). Thus, plaintiff's alternative request to conduct discovery is denied.

*Ltd.,* 47 A.D.2d 337, 339, 366 N.Y.S.2d 485, 487 (4th Dep't 1975). However, where a foreign corporation engages in "activities of substance in addition to solicitation there is presence and, therefore, jurisdiction." *Laufer,* 55 N.Y.2d at 310, 434 N.E.2d at 695, 449 N.Y.S.2d at 459; *see also Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 211 (2d Cir.1970) ("[O]nce solicitation is found in any substantial degree very little more is necessary to a conclusion of 'doing business.' "). This so called "solicitation plus" rule is satisfied when, in addition to solicitation, the foreign corporation is involved in some financial or commercial dealings in New York or holds itself out as operating in New York. *See Aquascutum,* 426 F.2d at 212. In assessing the type of activities that satisfy this rule, courts "tend to focus on a physical corporate presence," *Artemide SpA v. Grandlite Design & Mfg. Co.,* 672 F.Supp. 698, 701 (S.D.N.Y.1987), for example, the maintenance of an office, officers or a bank account in New York, or the occurrence of financial transactions or meetings in New York. *See Laufer,* 55 N.Y.2d at 310, 434 N.E.2d at 695, 449 N.Y. S.2d at 459 (citing cases).

■ Plaintiff argues that WDW has satisfied the "solicitation plus" rule through the activities of its New York representatives.[2] Specifically, plaintiff contends that WDW: (1) "solicits business in New York through the television, radio and print advertisements of its licensees, including Delta Airlines, Inc., [and] Greyhound Bus Lines, Inc. ...;" (2) "maintain[s] a contract with a New York advertising firm ... to promote Walt Disney World in the New York area;" and (3) "pays commissions to travel agents on all bookings at the seven resorts which comprise the Walt Disney World Resort." Affirmation in Opposition, ¶ 6, B. iii, iv, v, 90 Civ. 1773 (JMC) (S.D. N.Y. Apr. 16, 1990).

The seminal New York case dealing with the principles of personal jurisdiction and agency is *Frummer v. Hilton Hotels International, Inc.,* 19 N.Y.2d 533, 227 N.E.2d 851, 281 N.Y.S.2d 41, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967). In *Frummer,* the Court of Appeals found that a British hotel was subject to personal jurisdiction in New York through the activities of its agent, an affiliated company, where the New York agent not only solicited business and performed public relations activities, but also accepted and confirmed reservations on behalf of the foreign hotel. After noting the various activities that the agent performed for the hotel, the Court of Appeals concluded that the "significant and pivotal factor" is that "the [agent] does all the business which the [British hotel] could do were it here by its own officials." *Id.* at 537, 227 N.E.2d at 854, 281 N.Y.S.2d at 44. The Second Circuit, in interpreting *Frummer,* has held that

a foreign corporation is doing business in New York ... when its New York representative provides services beyond 'mere solicitation' and these services are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's

---

**2.** Plaintiff also seems to argue that WDW itself is directly doing business in New York. For example, plaintiff alleges that WDW "solicit[s] business through advertising and brochures," hires "athletes at major sporting events televised in the New York area to advertise for Walt Disney World," and "recruits students from New York Colleges and Universities ... to work at Walt Disney World." Affirmation in Opposition, ¶ 6, B. ii, vii, xiii, 90 Civ. 1773 (JMC) (S.D.N.Y. Apr. 16, 1990). All of the regular activities alleged, however, do not amount to anything more than mere solicitation by WDW.

The only regular and systematic activity asserted in plaintiff's opposition papers which goes beyond mere solicitation is the allegation that WDW produces Walt Disney porcelains and guidebooks that are distributed in at least five gift shops in New York. Affirmation in Opposition, ¶ 6, B. ix. As WDW points out, however, the advertisement submitted by plaintiff which promotes these products contains the copyright of Disney Co., not WDW. Even assuming that these products were manufactured by WDW, it is still not the type of activity that establishes corporate presence in New York. *See Delagi v. Volkswagenwerk AG of Wolfsburg, Germany,* 29 N.Y.2d 426, 433, 278 N.E.2d 895, 898, 328 N.Y. S.2d 653, 657 (1972) ("[M]ere sales of a manufacturer's product in New York, however substantial, have never made the foreign corporation manufacturer amenable to suit in this jurisdiction.").

own officials would undertake to perform substantially similar services.

*Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116, 121 (2d Cir.1967), *cert. denied*, 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1968). In *Gelfand*, as in *Frummer*, the court focused on the New York representative's ability to accept and confirm reservations. *See id.; see also Welinsky v. Resort of the World D.N.V.*, 839 F.2d 928, 930 (2d Cir.1988) (authority to make and confirm reservations without checking with foreign defendant goes beyond "mere solicitation of business").

The instant case is distinguishable from cases such as *Frummer*. The fact that WDW advertises in New York through its licensees and has a contract with a New York advertising agency amounts to nothing more than mere solicitation. More importantly, although WDW sends promotional material to travel agents in New York and may pay commissions to those travel agents, "[a]ll reservations must be confirmed by [WDW] in Florida." Jackowitz Affidavit, at ¶ 3. There is no evidence that any of WDW's New York representatives perform services that can contractually bind WDW. *See Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1048 (S.D.N.Y.1987). Thus, WDW's New York representatives are unable to do all the business WDW could do "were it here by its own officials." *Frummer*, 19 N.Y.2d at 537, 227 N.E.2d at 854, 281 N.Y. S.2d at 44. The Court finds, therefore, that the WDW is not "doing business" in New York through the activities of its New York representatives.

## II. *Presence of Parent Company in New York*

Plaintiff contends that WDW is subject to jurisdiction in New York because of the presence of its parent, Disney Co.[3] It is well established, however, that "[t]he 'doing business' test does not subject a subsidiary corporation to personal jurisdiction simply because a state has jurisdiction over the parent, even if the parent is the sole shareholder of the subsidiary." *Saraceno v. S.C. Johnson & Son, Inc.*, 83 F.R.D. 65, 67 (S.D.N.Y.1979) (citing cases); *see also Ross v. Colorado Outward Bound School, Inc.*, 603 F.Supp. 306, 310 (W.D.N.Y.1985) (mere existence of "garden-variety" parent-subsidiary relationship is not sufficient to establish jurisdiction). Rather, the presence of the parent company may serve as a basis of jurisdiction over the subsidiary only if the parent is acting as the agent of the subsidiary or if the control by the parent over the subsidiary is so complete that the subsidiary is a "mere department" of the parent. *See Grill v. Walt Disney Co.*, 683 F.Supp. 66, 69 (S.D. N.Y.1988); *Saraceno*, 83 F.R.D. at 67; *cf. Bialek v. Racal–Milgo, Inc.*, 545 F.Supp. 25, 32 (S.D.N.Y.1982) (discussing jurisdiction over parent through activities of subsidiary).

In *Grill*, the court considered the question of whether the presence of Disney Co. in New York was sufficient to establish jurisdiction over WDW. The court concluded that "[t]here is nothing in the record which suggests that Disney Co. acts as agent for [WDW], or that [WDW] is merely a department of Disney Co." *Grill*, 683 F.Supp. at 69. Similarly, in the instant case plaintiff has failed to present evidence that Disney Co. conducts any activities on behalf of WDW in New York. Disney Co. does not accept or confirm reservations for WDW. *See* Jackowitz Affidavit, at ¶ 7. Furthermore, Disney Co. does not perform services for WDW in New York or supervise the day to day activities of WDW. *See id.* Although the two companies may share common directors, this alone is an insufficient basis for establishing personal jurisdiction over WDW. *See Grill*, 683 F.Supp. at 69.

In sum, the Court cannot draw an inference that Disney Co. acts as WDW's agent in New York or that WDW is a mere department of Disney Co. Accordingly, plaintiff has failed to present prima facie evidence that WDW is "doing business" in

---

**3.** Disney Co. is a Delaware corporation which is qualified to do business in New York. *See* Answer, at ¶ 3, 90 Civ. 1773 (JMC) (S.D.N.Y. Mar. 22, 1990).

New York because of the presence of Disney Co.

 Although the Court lacks personal jurisdiction over WDW it need not dismiss the action. As the court concluded in *Grill:*

> [T]he Court's lack of *in personam* jurisdiction does not require dismissal of the action because 28 U.S.C. § 1406(a) permits transfer of an action commenced in the wrong judicial district to the proper district in the interest of justice. *Goldlawr v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Here, transfer is appropriate because defendants have actual notice of the litigation and therefore will not be prejudiced.

*Grill,* 683 F.Supp. at 69; *see also Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978) (ordering transfer in the interests of justice notwithstanding the fact that the transferor court was without personal jurisdiction over defendants); *Ross,* 603 F.Supp. at 310 (transferring action pursuant to 28 U.S.C. § 1406(a) despite lack of personal jurisdiction over defendant).

In the instant case, there is no allegation that defendants will suffer any prejudice if the action is transferred to Florida.[4] Furthermore, transfer would apparently enable plaintiff to obtain jurisdiction over WDW.[5] Accordingly, the Court finds that the instant case should be transferred, in the interest of justice, to the Middle District of Florida.

## CONCLUSION

Defendant's motion to dismiss is denied. Fed.R.Civ.P. 12(b)(2). Defendant's motion to transfer is granted. 28 U.S.C. § 1406(a).

The Clerk of the Court is directed to transfer this action to the United States

District Court for the Middle District of Florida.

SO ORDERED.

---

4. In fact, WDW moved in the alternative to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). However, the Court is transferring the action in the interest of justice pursuant to 28 U.S.C. § 1406(a). *See Grill,* 683 F.Supp. at 69 n. 3; *see also Corke,* 572 F.2d at 78 & n. 1.

5. The record indicates that WDW, not Disney Co., owns, operates and controls Walt Disney World in Florida. *See* Jackowitz Affidavit, at ¶¶ 2, 7. Although Disney Co. is subject to personal jurisdiction in New York, its only connection with this litigation is its status as the parent of WDW. *See Grill,* 683 F.Supp. at 67 n. 1.