**Karen L. CAPIZZANO, Plaintiff,**

v.

**WALT DISNEY WORLD COMPANY, Defendant.**

**Civ. A. No. 92–0540L.**

United States District Court, D. Rhode Island.

· July 12, 1993.

**54**

Leonard A. Kiernan, Jr., Bernard P. Healy, Kiernan, Plunkett & Redihan, Providence, RI, James J. Longolucco, Westerly, RI, for plaintiff.

A. Lauriston Parks, Hanson, Curran, Parks & Whitman, Providence, RI, for defendants.

### MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is presently before this Court on the motion to dismiss of defendant, Walt Disney World Co. ("Disney World"), pursuant to Federal Rule of Civil Procedure 12(b)(2). Disney World contends that it does not have the requisite minimum contacts with Rhode Island to subject it to in personam jurisdiction in this forum.

After reviewing all the factual materials presented by the parties, this Court concludes that there is no personal jurisdiction over Disney World in this forum. Therefore, defendant's motion to dismiss is granted.

### BACKGROUND

Defendant is a Delaware corporation with its principal place of business in Florida. It operates a large entertainment complex in central Florida known as the Walt Disney World Resort which includes theme parks and other recreational activities, such as golf and tennis. Plaintiff, a Rhode Island resident, alleges that on April 24, 1990, while on the "Great Movie Ride" in Disney World's Disney–MGM Studios Theme Park, she suffered injuries to her head, face, eyes, and mouth. She contends that part of the "alien" attraction was responsible for her injuries. She claims specifically that the defendant was negligent, i.e., it violated its duty of due care to maintain safe rides.

Plaintiff filed suit against Disney World in Rhode Island Superior Court on September 9, 1992. Defendant removed the case to this Court on October 7, 1992. Disney World then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The parties engaged in oral arguments on April 13, 1993, and the matter was taken under advisement. It is now in order for decision.

### DISCUSSION

In order for a federal court to have personal jurisdiction over a defendant in a diversity case, the long-arm statute of the forum state must be followed. *Levinger v. Matthew Stuart & Co.*, 676 F.Supp. 437, 439 (D.R.I.1988). Thus, plaintiff must comply with Rhode Island's long-arm statute, R.I.Gen.Laws § 9–5–33 (1985). This statute provides that Rhode Island has a jurisdictional reach that extends to the "full breadth of the Fourteenth Amendment." *Id.* Therefore, a defendant cannot be haled into this forum if his Due Process rights will be violated.

In this case, general, not specific, jurisdictional principles must apply to Disney World since the subject matter of this action did not "arise out of" defendant's activities in Rhode Island. *See generally Marino v. Hyatt*

*Corp.,* 793 F.2d 427, 428–30 (1st Cir.1986). Plaintiff concedes this point. Therefore, Due Process requires that defendant have "continuous and systematic" contacts with this forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). Merely having substantial contacts with a forum cannot provide a basis for general jurisdiction consistent with Due Process. *Russo v. Sea World of Florida, Inc.,* 709 F.Supp. 39, 42 (D.R.I.1989); *Thompson Trading Ltd. v. Allied Lyons PLC,* 123 F.R.D. 417, 425 (D.R.I. 1989); *Petroleum Services Holdings v. Mobil Exploration and Producing Services,* 680 F.Supp. 492, 496 (D.R.I.1988), *aff'd* 887 F.2d 259 (1st Cir.1989). Thus, Disney World's contacts with Rhode Island must meet the "continuous and systematic" standard to comply with the Rhode Island long-arm statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

This Court in the past has specifically dealt with Disney World's amenability to suit in Rhode Island. In *King v. Walt Disney World Co.,* No. 87–0598L, 1989 WL 430134 (D.R.I., March 28, 1989), the Court held that defendant was not subject to general in personam jurisdiction here. The contacts Disney World had with this forum in *King* were not "continuous and systematic." They included: providing vacation packages to local travel agents, national advertisements that were distributed in Rhode Island, allowing various national businesses to use its name in their promotions, and conducting two publicity tours in this state. Those limited contacts were counterbalanced by the fact that Disney World was not qualified to do business in Rhode Island, paid no taxes here and had no assets, property, offices, officers, or agents in this forum. *Id.*

Here, plaintiff asserts that there is general jurisdiction over Disney World in Rhode Island for two reasons. First she argues that defendant's contacts in this forum have grown since *King,* and are now "continuous and systematic." Secondly, she claims jurisdiction over the defendant can be based upon the activities in this state of its parent corporation, the Walt Disney Company.

Plaintiff acknowledges this Court's decision in *King,* and agrees that the facts of that case do not establish general jurisdiction. However, she contends that Disney World's "new" additional contacts with this forum now mandates a finding of general jurisdiction. Plaintiff cites three "new contacts." First, defendant pays ten percent commissions to local travel agents for booking local residents at Disney World hotels in Florida. Second, Disney World specifically advertises in the Rhode Island market. Specific ads for defendant's resort appeared in the Providence Journal and on local television stations. Third, admission tickets for defendant's theme parks can be purchased locally at The Disney Store in the Warwick Mall, Warwick, Rhode Island. It is clear, however, that these contacts in combination are not a sufficient basis to establish general jurisdiction over defendant. The "new" contacts must pass the "continuous and systematic" standard in order to be consistent with Due Process. *Russo,* 709 F.Supp. at 42; *Thompson Trading,* 123 F.R.D. at 425; *Petroleum Services,* 680 F.Supp. at 496. Recent decisions have held that these contacts do not pass personal jurisdiction muster.

In *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 379 (9th Cir.1990), *rev'd on other grounds,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), plaintiff Shute was injured while on defendant's cruise ship. She tried to assert that there was general jurisdiction over the defendant, a Panamanian company, based upon commissions it paid to travel agents in the State of Washington, Shute's home state. However, the Ninth Circuit held that jurisdiction could not be based upon this contact. While payment of commissions may establish specific jurisdiction, the Court noted, it cannot establish general jurisdiction. *Id.* at 381. It is not a "continuous and systematic" contact, and asserting jurisdiction on that basis would violate the Due Process Clause of the Constitution. *Id.* at 380. Thus, the commissions paid to Rhode Island travel agents cannot form a basis for asserting general jurisdiction over Disney World in this case.

Plaintiff's reliance on Disney World's local advertisements on television and in newspa-

pers as a basis for general jurisdiction is also unavailing. At the time *King* was decided, the only advertising defendant was engaged in consisted of national media campaigns, and use of its licensees, such as Delta Airlines and Greyhound Bus Lines. This Court held in *King* that such advertising could not support general jurisdiction here. Other Federal Courts have agreed with this conclusion. *Jennings v. Walt Disney World, Inc.*, No. 92–2764, 1992 WL 188374, at *2 (E.D.Pa. July 27, 1992); *Schulman v. Walt Disney World Co.*, No. 91–5259, 1992 WL 38390, at *2 (E.D.Pa. Feb. 25, 1992).

At present, as plaintiff noted, Disney World itself is advertising in the Rhode Island market. Three recent Pennsylvania District Court decisions have held that advertisements by Disney World targeted at the Pennsylvania market were not "continuous and systematic" contacts, and to rely on that evidence to support general jurisdiction would be an affront to Due Process. *Jennings*, 1992 WL 188374, at *2; *Schulman*, 1992 WL 38390, at *2; *Cunningham v. Walt Disney World Co.*, No. 90–6164, 1991 WL 22062, at *3 (E.D.Pa. Feb. 19, 1991). This Court agrees with the reasoning of these cases. Therefore, defendant's advertisements in Rhode Island on television and in newspapers are an insufficient basis for a finding of general jurisdiction here.

Finally, the fact that tickets for defendant's resort are sold at a local Disney Store is of no value to plaintiff in establishing general jurisdiction. In *Cunningham*, the Court noted that the Disney Store is not a franchise controlled or operated by defendant. *Id.* at *2. The Disney Store purchases the tickets in bulk from Disney World, then distributes them to their various outlets, such as the one in *Cunningham* and the local Warwick Mall store. This is an "arms length transaction." If an individual wanted to purchase tickets in advance from Disney World, she could order by mail and defendant would forward the tickets provided full payment was received in Florida. *Id.* Essentially, such a sale of tickets occurs in Florida. *Id.* The sale to the Warwick Disney Store likewise occurs in Florida, and, thus, this transaction is too far removed from Rhode Island

to be used as a "continuous and systematic" contact with this forum.

In summary, the "new" contacts that plaintiff relies on are not sufficient for general jurisdictional purposes. They do not add up to the "continuous and systematic" conduct that is necessary to establish in personam jurisdiction in Rhode Island.

■ Plaintiff also contends that jurisdiction over defendant can be grounded on the contacts of the Walt Disney Company, the parent of defendant, with Rhode Island. Basically, she argues that the relationship between defendant and its parent are so close and intertwined, that the parent's contacts with this forum serve as the basis for jurisdiction over defendant. Jurisdiction over a subsidiary can be based upon the activities of the parent corporation if it is clear that the parent is acting as an "agent" of the subsidiary. The activities of both must be so interrelated that one cannot reasonably separate the two corporate entities. *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.1983); *Schulman*, 1992 WL 38390, at *3; *Grill v. Walt Disney Co.*, 683 F.Supp. 66, 69 (S.D.N.Y.1988). The present case is anomalous in one respect. Plaintiff is attempting to use the activities of the parent corporation as a basis for jurisdiction over its subsidiary. More commonly, the converse is the situation: the actions of the subsidiary are used to assert jurisdiction over the parent. However, in either case, the same "agency" relationship as described above must exist for jurisdictional purposes. *Hargrave*, 710 F.2d at 1159.

Plaintiff simply has not shown that Walt Disney Company serves as an "agent" of defendant. The only evidence she offers is a quote from Walt Disney Company's annual report:

> the Walt Disney Company and its subsidiaries (the Company) is a diversified international entertainment company with operation in the following business segments: theme parks and resorts. The Company owns and operates ... the Walt Disney World Destination Resort in Florida.

Plaintiff claims that this is an admission by the Walt Disney Company that it owns and

operates the Florida theme park. Plaintiff has misread the reference. The word "Company" is used as a collective term referring to the Walt Disney Company and *all its subsidiaries.* An "agency" relationship has not been shown. *See Jennings,* 1992 WL 188374, at *2; *Schulman,* 1992 WL 38390, at *3; *Grill,* 683 F.Supp. at 69. Thus, the activities of the Walt Disney Company in this forum, whatever they may be, cannot support a finding that defendant is subject to the in personam jurisdiction of this Court.

### CONCLUSION

Defendant's contacts with Rhode Island are insufficient to subject it to general jurisdiction in this forum. For the foregoing reasons, defendant's motion to dismiss hereby is granted.

It is so Ordered.