■ RICHARD H. INGRAHAM, Individually and as Executor of ALISON S. INGRAHAM, Deceased, Appellant, v JAMES CARROLL et al., Defendants, and FREDERICK LOY, Respondent. [652 NYS2d 361] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered May 16, 1996 in Rensselaer County, which, *inter alia,* granted defendant Frederick Loy's cross motion to dismiss the complaint against him for lack of personal jurisdiction.

Plaintiff commenced this wrongful death action seeking to recover damages for the allegedly negligent medical treatment his wife, Alison S. Ingraham (hereinafter decedent), received from defendants. At issue on this appeal is whether Supreme Court properly dismissed the complaint against defendant Frederick Loy on the ground that personal jurisdiction over him had not been obtained. Loy, a physician, is a resident of Vermont. Although licensed to practice medicine in both New York and Vermont, his practice is limited solely to Vermont. It is not disputed that Loy never treated decedent in New York and that the only medical service he rendered to her occurred in Vermont. Decedent, a New York resident, was initially referred to Loy by defendant James Carroll, a physician employed by Community Health Plan (hereinafter CHP), a New York-based health maintenance organization. Although Loy admittedly saw CHP patients regularly on a referral basis, there is no evidence in the record that he ever actually contracted with CHP to provide such services. Instead, it appears that the referrals were made on an ad hoc basis. Loy does not own property in New York nor is it alleged that he maintained an office in New York. Given these facts, we agree with Supreme Court's conclusion that plaintiff failed to establish the necessary prerequisites to warrant exercising long-arm jurisdiction over Loy pursuant to CPLR 302.

Turning first to the question of whether Loy subjected himself to jurisdiction under CPLR 302 (a) (3), we find that plaintiff failed to establish that Loy committed a tortious act outside of New York which caused injury to decedent inside the State. Plaintiff does not deny that the allegedly negligent treatment decedent received occurred solely in Vermont. As it has been stated, "[t]he situs of the injury is the location of the

original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff" (*Hermann v Sharon Hosp.*, 135 AD2d 682, 683; *see, Carte v Parkoff*, 152 AD2d 615; *Bramwell v Tucker*, 107 AD2d 731). CPLR 302 (a) (3) is therefore inapplicable.

Furthermore, there is no evidence that Loy transacts business in New York within the meaning of CPLR 302 (a) (1). He maintains no office in New York. We reject plaintiff's contention that the fact that Loy regularly received referrals from CHP was sufficient to show that decedent's treatment arose out of his transacting business *in* New York. There was no contract with CHP and the referrals do not, in our view, show that Loy "purposely interjected [himself] into New York's service economy or developed other significant contacts with New York" (*McLenithan v Bennington Community Health Plan*, 223 AD2d 777, 779, *lv dismissed* 88 NY2d 1017).

Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.