**Louise B. McCULLEY and Joseph E. McCulley, Plaintiffs,**

v.

**ANGLERS COVE CONDOMINIUM ASSOCIATION, INC., Defendant.**

**No. 96–CV–2195(JS).**

United States District Court, E.D. New York.

Aug. 29, 1997.

---

V. Anthony Maggipinto, Riverhead, NY, for Plaintiffs.

Heidi M. Weiss, Oshman & Helfenstein, LLP, New York City, for Defendant.

*MEMORANDUM AND ORDER*

SEYBERT, District Judge.

## INTRODUCTION

In this action that comes to the Court through its diversity jurisdiction, plaintiffs McCulley, New York citizens, bring suit against defendant Anglers Cove Condominium Association, Inc. ("Association"), in connection with a slip and fall personal injury action that occurred on February 25, 1994 on the defendant's property, located on Marco Island, Florida. According to the plaintiffs' complaint, as a direct result of the defendant's negligence, Mrs. Louise B. McCulley fell while walking on the defendant's boardwalk and was seriously injured. The plaintiffs' pleadings include the factual requisite for diversity jurisdiction but fail to recite the presence of in personam jurisdiction. The defendant's answer includes, *inter alia*, the affirmative defense of lack of personal jurisdiction over the defendant.

Discovery was commenced before United States Magistrate Judge Boyle, during which time the defendant was granted leave to submit a motion to dismiss pursuant to the common law doctrine of *forum non conveniens*. This appears to be the point at which the stream of procedural incongruities commenced. Instead, the defendant moved for an order, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, to dismiss this action on the ground that the Court lacks personal jurisdiction over the defendant, the singular matter currently before the Court. The parties have fully briefed the issue and have submitted the required Local Civil Rule 56.1 statements (formerly Rule 3(g)).

## DISCUSSION

### LACK OF PERSONAL JURISDICTION

In diversity jurisdiction, the law of the state in which the district court sits governs personal jurisdiction over a nonresident defendant. *PC COM, Inc. v. Proteon, Inc.,* 906 F.Supp. 894, 904 (S.D.N.Y.1995). The traditional two-step test for determining personal jurisdiction arises most commonly, as in this instance, in the context of diversity cases. First, the activities of the non-domi-

ciliary defendant within the forum state must be encompassed by the applicable state long-arm statute. Second, personal jurisdiction must comport with the Due Process Clause of the Fifth and Fourteenth Amendments. *See CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986).

■ The New York State long arm statute, as codified in Civil Practice Law and Rules § 302, is the authorization for a court to exercise personal jurisdiction over non-domiciliaries that engage in the statutorily enumerated acts.[1] In the instant action, if we consider the alleged negligence of the defendant to be the tortious act committed without the state, it still, however, must cause injury within the state. The courts have consistently held that an injury does not occur in New York simply because the plaintiff is domiciled there, or suffers pain in New York as a result. *See, e.g., Rounds v. Rea,* 947 F.Supp. 78, 86 (W.D.N.Y.1996) (jurisdiction was not present under §§ 301, 302 because the N.Y. resident was injured in a collision in Pennsylvania and therefore any injury suffered by plaintiff was suffered in Pennsylvania); *Diskin v. Starck,* 538 F.Supp. 877, 879 (D.C.N.Y.1982) (infant was sexually assaulted and abused at a camp in Vermont; no long arm jurisdiction was present because the tort and injury occurred in Vermont and the "essential predicate is that the injury giving rise to the plaintiffs' claim occur within the [forum] state."); *Lancaster v. Colonial Motor Freight Line, Inc.,* 177 A.D.2d 152, 158, 581 N.Y.S.2d 283, 287 (1st Dept.1992) (plaintiff was injured in a car accident in South Carolina and brought an action in a New York State court. The court dismissed for lack of personal jurisdiction, finding that

the tortious act didn't cause injury in New York). It has been often stated that the "situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Ingraham v. Carroll,* 652 N.Y.S.2d 361, 362 (3rd Dept.1997) (quoting *Hermann v. Sharon Hosp.,* 135 A.D.2d 682, 683, 522 N.Y.S.2d 581 (2d Dept.1987)). Although plaintiffs assert in their Civil Rule 56.1 Opposing Statement "that the injuries which they sustained, as alleged in the Complaint, occurred (sic) not only in Florida, but also in all other locations to which they have traveled, including their home in New York, to date," the law is eminently clear that the injury occurred exclusively in Florida. No other jurisdictional category is applicable, as the incident does not involve the transacting of business or the commission of a tortious act within the state, and the defendant, therefore, is not subject to personal jurisdiction in New York under § 302.

As will become immediately apparent, a discussion of jurisdiction under Civ. Prac. L. & R. § 301, the solicitation plus doctrine, is unnecessary. In a somewhat analogous setting, a personal injury action was initiated in the Southern District of New York after the plaintiff was injured in Disney World while vacationing in Florida. After an in-depth analysis of § 301, the court decided that it did not have personal jurisdiction over the defendant, Disney. *Grill v. Walt Disney Co.,* 683 F.Supp. 66 (S.D.N.Y.1988). Clearly, Disney has a substantially greater nexus with New York than the present defendant. The defendant, Angler Cove Condominium Association, is a not for profit condominium association, incorporated for the purpose of oper-

---

1. § 302. Personal jurisdiction by acts of non-domiciliaries, provides in pertinent part:
   (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over a non-domiciliary, or his executor or administrator, who in person or through his agent:
   1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
   2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the state if he
   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or.... N.Y. Civ. Prac. L. & R. § 302.

ating the 320 unit condominium. Operating activities include maintenance and repairs, improvements, assessing dues, purchasing insurance, enforcing by-laws, and other duties commensurate with condominium management. By affidavit of the president of the Association, Richard V. Nicholson, the Association: (1) is not licensed or authorized to do business in the State of New York, and does no business in New York; (2) does not sell or rent condominium units outside of Florida; (3) does not advertise; (4) does not maintain an office or agents in New York; (5) does not transact or solicit business outside of Florida; (6) does not maintain bank accounts in New York; (7) does not own or use any property in New York; and (8) does not supply any goods or services in New York. These assertions are uncontroverted by the plaintiffs. As the plaintiffs have failed to satisfy the long arm statutory requirements, an analysis of the constitutional requirements of due process is unwarranted.

## MOTION TO DISMISS

Motions seeking dismissal solely on the grounds of lack of personal jurisdiction are not customarily denominated as summary judgment motions, notwithstanding the fact that discovery has commenced and the courts consider matters beyond the pleadings. Defendant should have moved for dismissal under Fed.R.Civ.P. 12(b)(2), *11 Moore's Federal Practice* § 56.30[2] (Matthew Bender 3d ed.), and the Court will treat it accordingly. A 12(b)(2) motion is nondispositive and is decided without prejudice to the losing party, whereas, the granting of a summary judgment motion operates as a judgment on the merits with preclusive effect. Dismissal under the common law doctrine of *forum non conveniens* as originally contemplated by the defendant, is also inapplicable, as the doctrine only applies when the alternative forum is abroad. *11 Moore's Federal Practice* § 111.70. *See e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Defendant, as outlined above, has submitted affidavits and corporate records indicating that its activities are confined to Florida and that it has insufficient contacts with New

York to justify this Court's exercise of personal jurisdiction. The plaintiff does not challenge this assertion, but rather perplexingly declares that "minimum contacts by the defendant with the State of New York are not required for this Court to have jurisdiction of the subject matter." Plaintiff's Local Rule 56.1 Opposing Statement. Plaintiff's memorandum of law in opposition to summary judgment states "[i]f the defendant is suggesting that the Court lacks in personam jurisdiction, we submit that the plaintiffs being citizens of New York and the defendant being deemed, and perhaps conceded, to be a citizen of Florida, and the amount in controversy being in excess of the statutory minimum, that claim is erroneous." Plaintiff's counsel, by confusing subject matter with in personam jurisdiction, has failed to grasp the most rudimentary concepts of jurisdiction. Diversity of citizenship and amount in controversy, as any first year law student knows, are subject matter jurisdiction considerations.

## TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA

■ As there are no factual issues in dispute, and the plaintiff has failed to make a prima facie showing that the Court has jurisdiction under the New York long arm statute, N.Y. Civ. Prac. L. & R. §§ 301, 302, dismissal of the matter without prejudice is appropriate. However, in the interests of judicial economy and to achieve in orderly adjudication on the merits, the Court will, *sua sponte,* transfer the case to the proper district, pursuant to 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Although the statute only speaks of improper venue, a transferor court only needs subject matter jurisdiction over the action, it need not have personal jurisdiction over the defendant. *See, Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). As Justice Black wrote in the majority opinion, "[t]he language of § 1406(a) is amply

broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr,* 369 U.S. at 466, 82 S.Ct. at 916; *See also Grill,* 683 F.Supp. at 69. Subsequently, courts transferred cases under § 1406(a) for want of personal jurisdiction, even though venue was proper. *See e.g., Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77 (2d Cir.1978). "[W]here the motion asks only that the suit be dismissed, the court may properly, sua sponte, order it transferred." *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371–72 n. 3 (2d Cir.1966). The transferee court must be one in which the action could have been properly filed initially, satisfying venue and personal jurisdiction requirements. *See Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993). The transferee court must apply the law it would have applied had the action been brought there in the first instance. *See Levy v. Pyramid Co. of Ithaca,* 871 F.2d 9, 10 (2d Cir.1989).

This action could have been properly filed in the Middle District of Florida, which encompasses Collier County, the location of the Anglers Cove Condominium Association. *See* 28 U.S.C. § 89. In accordance with 28 U.S.C. § 1391, venue in an action founded on diversity of citizenship may be brought in the district where the defendant resides, and a corporate defendant resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. As the Association is subject to in personam jurisdiction in the county in which it maintains its principal place of business, the Middle District of Florida is the proper judicial district to transfer this action.

The decision to dismiss, or in the interest of justice transfer an action, lies within the sole discretion of the district court. *See Cellutech, Inc. v. Centennial Cellular Corp.,* 871 F.Supp. 46, 50 (D.D.C.1994). The Court will transfer this case predominately for reasons of judicial economy. The customary situations in which the interest of justice are served by transfer, are not present here. This action could be dismissed and reinstituted in the proper district without violating the four year statute of limitations for actions founded on negligence. Fl. St. § 95.11(3)(a). Additionally, there is only one district in which the case could have originally been brought, and therefore the factors otherwise utilized in analyzing transfer, are inapposite. *See French Transit, Ltd. v. Modern Coupon Systems, Inc.,* 858 F.Supp. 22, 27 (S.D.N.Y.1994) (applying the seven factors). Notwithstanding the obvious lack of personal jurisdiction in this matter, the court does not believe it was proffered in bad faith, rather, without proficiency. Although plaintiffs maintain that prosecuting this action in Florida would be a hardship and a financial burden, only a 1406(a) transfer will enable the plaintiffs to obtain personal jurisdiction over the defendant and to proceed with their lawsuit. Transferring the case will save the parties the time and the expense of refiling this lawsuit in a different district. As the Association has actual notice of the litigation, it will not be prejudiced by the transfer.

## ORDER

This matter having come before the Court on a motion by defendant, Anglers Cove Condominium Association, Inc., to dismiss for lack of in personam jurisdiction pursuant to Fed.R.Civ.P. 56(c); and

The Court having considered the briefs and affidavits submitted by the parties and having determined that in personam jurisdiction is lacking, however, it furthers judicial economy and is within the interests of justice pursuant to 28 U.S.C. § 1406(a) to transfer the action to the United States District Court for the Middle District of Florida where in personam jurisdiction is proper; and

It is SO ORDERED that defendant's motion for summary judgment is DENIED and the action is transferred to the United States District Court for the Middle District of Florida. The Clerk of the Court is directed to proceed in accordance with this ORDER.

SO ORDERED.