**FARMERS BANK OF the STATE OF DELAWARE, Plaintiff,**

v.

**BELL MORTGAGE CORPORATION, et al., Defendants.**

**Civ. A. No. 76–122.**

United States District Court, D. Delaware.

Aug. 9, 1978.

Wayne N. Elliott, James L. Holzman and Charles S. Ernst of Prickett, Ward, Burt & Sanders, Wilmington, Del., for plaintiff.

W. Leigh Ansell of Ansell, Butler & Canada, Virginia Beach, Va., for defendant Giglia.

Robert M. Price, pro se.

Nathan H. Cohen, pro se.

Lyle L. Lathrop, pro se.

William R. Hester, Jr. of Hester, Robison & Townsend, Orange Park, Fla., for defendants Hester and Killebrew.

Leanne Orlove, pro se.

Allen C.D. Scott, II, of Maxwell & Scott, Jacksonville, Fla., for defendant Liebert.

Marie L. Stachowski, pro se.

James D. Pennington, pro se.

## MEMORANDUM OPINION

STAPLETON, Chief Judge:

In this action, plaintiff Farmers Bank accuses fifty-one corporate and individual defendants of violating the Securities Act of 1933, the Securities Exchange Act of 1934 and the Organized Crime Control Act of 1970, as well as of breaching their fiduciary duties and acting fraudulently under State law. Defendant James D. Pennington ("Pennington") has moved to dismiss Count II of the complaint, that arising under the Organized Crime Control Act of 1970, 18 U.S.C. § 1961, *et seq.* In an Opinion, dated June 12, 1978, this Court held that the allegations in the complaint regarding Count II were not sufficient to establish venue over Pennington in the District of Delaware under either 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391(b). 452 F.Supp. 1278 (1978). The plaintiff was given twenty days to make an appropriate showing that there is venue over Pennington in this District. Although Pennington

was given an opportunity to respond to the showing made by the plaintiff, he has not done so. Based upon that showing, I conclude that there is venue over Pennington in this District pursuant to 18 U.S.C. § 1965(b).

Of the numerous corporate defendants to this action, several are incorporated in Delaware, and there is venue over them in this District pursuant to 28 U.S.C. § 1391(c). As to the three non-Delaware corporate defendants, it appears from the allegations in the complaint that all have transacted their affairs relating to the allegations of the complaint in Delaware, and, therefore, that there is venue over them pursuant to 18 U.S.C. § 1965(a).

As to the individual defendants to this action, some are Delaware residents and thus there is venue over them here pursuant to 18 U.S.C. § 1965(a). Others have allegedly transacted their affairs in Delaware in furtherance of the plan alleged in the complaint. As to those defendants, venue is also proper here under Section 1965(a), and possibly under 28 U.S.C. § 1391(b) as well.

However, it appears that there are sixteen individual defendants, including Pennington, over whom this Court has no venue under either 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391(b). Seven of the individuals are residents of Virginia and nine are Florida residents. There are no facts in the record which would suggest that the Virginians are subject to Florida venue, or that the Floridians are subject to Virginia venue.[1] The fact is that under the provisions of 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391, there is not proper venue over all the defendants to this action in Delaware, Virginia or Florida.

However, the interests of justice and judicial economy dictate that the whole action be tried in one Court, if that is possible. In furtherance of these interests, 18 U.S.C. § 1965(b) provides:

In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

It seems to me that this is precisely the type of case envisioned by the terms of Section 1965(b), and that Delaware is the proper district in which this action should be litigated. Given the desirability of having the whole action litigated in one court, the venue in this district over the majority of the defendants under the other venue provisions[2] and the contacts of the plaintiff and many of the defendants with Delaware, according to the allegations in the complaint, I conclude that the ends of justice require that this Court permit Pennington to be brought before it as a defendant pursuant to 18 U.S.C. § 1965(b).

Pennington's Motion to dismiss will be denied.

---

1. It also appears that there would not be venue in Virginia or Florida, over some of the defendants over whom there is venue in Delaware pursuant to 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391(b).

2. It also appears that there is venue over more of the defendants in Delaware than in either Florida or Virginia.