Rita RUSSO

v.

**SEA WORLD OF FLORIDA, INC.**

**Civ. A. No. 88-0172 L.**

United States District Court,
D. Rhode Island.

March 23, 1989.

---

James T. McCormick, Law Office of James J. McKenna, Providence, R.I., for plaintiff.

C. Russell Bengtson, Carroll, Kelly & Murphy, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is presently before the Court on the motion to dismiss of defendant Sea World of Florida, Inc. ("Sea World"). Sea World maintains that it does not have the requisite level of minimum contacts with Rhode Island to subject it to this forum's in personam jurisdiction.

Plaintiff Rita Russo ("Russo"), a Rhode Island resident, filed the instant diversity action after she was involved in a slip and fall accident in Florida. Russo fell over a baby stroller in a restaurant at defendant's Orlando facility. Sea World is not incorporated or qualified to do business in Rhode Island. Its principal place of business is in Florida. After reviewing the pertinent jurisdictional facts, this Court finds that Sea World has not established sufficient contacts with Rhode Island to subject it to this forum's general personal jurisdiction. Moreover, because the cause of action did not arise out of or relate to defendants' contacts with this state, this Court lacks specific personal jurisdiction over Sea World in this matter. Therefore, Sea World's motion to dismiss must be granted.

## BACKGROUND

According to her complaint, on February 27, 1987 Russo suffered injuries while a guest in a restaurant on Sea World's premises in Orlando, Florida. Russo fell over a stroller that another restaurant patron allegedly pushed in front of her. Sea World owned the stroller and had provided it to the patron for use in its amusement park.

Russo returned home to Rhode Island and filed suit against Sea World in this Court on March 16, 1988. In her complaint plaintiff claims that:

Defendant was negligent in that it failed to properly supervise guests with strollers, failed to restrict guests with strollers from the restaurant in question, negligently designed the restaurant so as to create an unreasonable risk of injuries to patrons of the restaurant from other patrons using strollers, negligently failed to instruct patrons to whom it provided strollers in the proper manner of operating said strollers and negligently designed or constructed said strollers so that the elongated front portion thereof created an unreasonable risk of other patrons tripping over the same.

In response, Sea World moved to dismiss plaintiff's action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Sea World claims that it is not subject to this

Court's personal jurisdiction because it lacks the necessary minimum contacts with Rhode Island. Naturally, Russo objected to defendant's motion.

The parties engaged in oral argument on August 31, 1988. At that time, Russo requested additional time to conduct discovery on the jurisdictional issue. The Court scheduled a further hearing for November 9, 1988.

During the interim, the parties engaged in discovery and filed affidavits and answers to interrogatories with this Court. On the appointed day, oral argument was again held. The Court took the matter under advisement, and granted both sides two weeks to file additional memoranda. Sea World's motion is now in order for decision.

## DISCUSSION

During the past two years, this Court has written and published at least seven opinions discussing personal jurisdiction. *Donatelli v. National Hockey League*, 708 F.Supp. 31, (D.R.I.1989); *Wood v. Angel*, 707 F.Supp. 81, (D.R.I.1989); *American Sail Training Ass'n v. Litchfield*, 705 F.Supp. 75 (D.R.I.1989); *Thompson Trading LTD. v. Allied Lyons PLC*, 123 F.R.D. 417 (D.R.I.1989); *Levinger v. Matthew Stuart & Co., Inc.*, 676 F.Supp. 437 (D.R.I. 1988); *Petroleum Serv. Holdings v. Mobil Exploration & Producing Serv.*, 680 F.Supp. 492 (D.R.I.1988); *Dupont Tire Serv. v. N. Stonington Auto–Truck Pl.*, 659 F.Supp. 861 (D.R.I.1987). These decisions examine at length the conditions under which a foreign defendant is subject to this forum's in personam jurisdiction.

This Court must of course adhere to Rhode Island's long-arm statute, Rhode Island General Laws § 9–5–33. *Levinger*, 676 F.Supp. at 439. Section 9–5–33 "reaches to the full breadth of the Fourteenth Amendment." *Id.* Therefore, if Sea World may be haled into this forum without offending its due process rights, then it is subject to this Court's personal jurisdiction.

Due process requires only that, in order for a court to subject a foreign defendant to its personal jurisdiction, he have certain minimum contacts with the forum such that haling him into the state does not "offend 'traditional notions of fair play and substantial justice.'" *International Shoe Company v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)), *see generally Thompson Trading*, 123 F.R.D. at 426 (discussing personal jurisdiction in detail). Under the doctrine of general in personam jurisdiction, a defendant must have such "continuous and systematic" contacts with the forum that bringing him into court on any matter, whether arising out of those contacts or not, does not offend the *International Shoe* due process standard. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Donatelli*, 708 F.Supp. at 34. On the other hand, under the doctrine of specific in personam jurisdiction, one forum contact can be sufficient to subject a foreign defendant to a court's jurisdiction if, and only if, the cause of action sued upon arises out of or relates to the contact. *E.g., Dupont Tire*, 659 F.Supp. 861. *See generally Helicopteros*, 466 U.S. at 414, 104 S.Ct. at 1872; *Thompson Trading*, 123 F.R.D. at 425–426 (distinguishing between general and specific personal jurisdiction).

Sea World has not established sufficient "continuous and systematic" contacts with Rhode Island to subject it to this Court's general in personam jurisdiction. Sea World's alleged "contacts" with this forum are as follows. First, Sea World employs a New York advertising agency that advertises the Orlando facility without specific direction from defendant. That agency purchased television commercials that appeared on Rhode Island stations from January to March of 1988. Second, advertisements for Sea World appear in several national magazines. Third, brochures touting Sea World may be obtained at the Rhode Island offices of AAA Travel Agency, Collette Tours, and Kids R Us. Fourth, Sea World sells blocks of tickets at

a discount to Rhode Island travel agencies. The agencies often use these tickets to compose package vacations; however, it is clear they are not acting as an agent for Sea World in so doing. Finally, Russo notes that in 1987 defendant derived 1.2% of its gross revenues from Rhode Island residents. Such a fact standing alone, however, is irrelevant to a discussion of forum contacts for it is contact with the state, and not its residents, that is pertinent. *Helicopteros*, 466 U.S. at 417, 104 S.Ct. at 1873 (unilateral activity of a third party having a connection with the defendant and the forum is not an appropriate consideration when determining minimum contacts).

In *Helicopteros* the Supreme Court refused to find general in personam jurisdiction over the defendant where its forum contacts consisted of the following: (1) a trip to the forum by defendant's chief executive to discuss selling helicopters to a joint-venture; (2) defendant's purchase of over $4,000,000 in helicopters from a forum company; (3) the fact that defendant sent its pilots, management, and maintenance personnel to the forum for training and plant familiarization; and (4) the fact that defendant received $5,000,000 in payments drawn on a forum bank. 466 U.S. at 410–411, 104 S.Ct. at 1870–1871. In a recent case, this Court held that television broadcasts, the sale of goods bearing a foreign defendant's logo, scouting trips by a defendant's representatives and occasional provision of hockey referees are not sufficient forum contacts, taken in combination, to subject a professional athletic league to general personal jurisdiction. *Donatelli*, 708 F.Supp. at 35; *see also Glater v. Eli Lilly & Co.*, 744 F.2d 213 (1st Cir.1984); *Mulhearn v. Holland American Cruises*, 393 F.Supp. 1298 (D.N.H.1975). When juxtaposed with *Helicopteros* and *Donatelli*, Sea World's Rhode Island contacts fall far short of the level required to subject it to this Court's general in personam jurisdiction.

■ In addition, Sea World is not subject to this Court's specific personal jurisdiction because plaintiffs cause of action did not arise out or relate to a Rhode Island contact. Plaintiff argues that her fall in Florida arises out of or relates to her ticket purchase in Rhode Island. She maintains that this purchase constitutes a contract with Sea World and is therefore a forum contact of defendant. Even assuming that plaintiff's Rhode Island ticket purchase is a forum contact of Sea World, the connection between plaintiff's cause of action and the ticket sale is far too tenuous to serve as a basis for specific in personam jurisdiction. Highlighting the weak relationship between the purchase and plaintiff's injuries is the fact that the ticket sale is contractual in nature whereas plaintiff's cause of action sounds in tort.

■ The question of whether a cause of action arises out of or relates to a defendant's forum contact is analogous to the issue of proximate cause in tort law. *See generally* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on the Law of Torts*, § 42 (5th ed. 1984). On one level, Russo's injuries do arise out of or relate to Sea World's alleged contact with Rhode Island because, but for Russo's ticket purchase here, she might not have gone to defendant's Florida facility and fallen over a stroller. On the other hand, but for the pre-historic invention of the wheel, Russo would not have fallen over a stroller for no stroller would have existed. While both the invention of the wheel and the Rhode Island ticket purchase are, in a sense, causally linked to plaintiff's fall, the relevant inquiry is whether the connections are sufficiently direct and related to the injury in a legal sense to justify the exercise of personal jurisdiction or the award of damages in tort. In other words, an actual casual link between an event and a cause of action is insufficient, standing alone, for the purposes of proximate cause in tort, or for the purposes of specific personal jurisdiction in civil procedure. The relationship between a forum contact and a cause of action must be sufficiently direct such that a court can find that the litigation arises out of or is related to the contact.

In a case very similar to the instant dispute, the Court of Appeals for the First

Circuit recently addressed the issue of what "arises from" means in the area of personal jurisdiction. *Marino v. Hyatt Corp.*, 793 F.2d 427 (1st Cir.1986). In *Marino*, the plaintiffs, a husband and wife, made "reservations and contracted to stay at defendant's Hyatt Regency Hotel in Maui, Hawaii" through a Massachusetts travel agency. *Id.* While in Hawaii, plaintiff wife slipped and fell in the bathtub of the hotel. Thereafter, plaintiffs sued the hotel's owner, Hyatt Corporation, in Massachusetts.

For jurisdictional purposes, Massachusetts' long-arm statute requires that a foreign defendant transact business in the state, and that the "cause of action itself must 'aris[e] from' the defendant's transacting business in Massachusetts." *Id.* at 428. Therefore, in order to subject Hyatt to the forum's personal jurisdiction, the Court of Appeals found that the wife's slip and fall in Hawaii must arise from one or more of Hyatt's contacts with Massachusetts. *Id.* at 430. The *Marino* Court reasoned as follows:

> [P]laintiffs' advance reservation agreement with Hyatt would hardly be an important, or perhaps even a material, element of proof in their slip and fall case. We accordingly do not think that plaintiffs' personal injury claim against Hyatt can be said to 'aris[e] from' that contract.
>
> To accept plaintiffs' contrary argument would be to render the 'arising from' requirement ... a virtual nullity.

In conclusion the First Circuit Court held "that it would be a case of the tail wagging the dog to hold that plaintiffs' claims for personal injuries suffered in a Hawaii hotel 'aris[e] from' their alleged Massachusetts contract with Hyatt making a hotel reservation." *Id.* at 431; *see also Glater v. Eli Lilly & Co.*, 744 F.2d 213; *Pearrow v. National Life & Accident Insurance Co.*, 703 F.2d 1067, 1069 (8th Cir.1983) ("[Plaintiff's] cause of action is for negligence, and it cannot be said that the negligence 'arose out of' the solicitation in [the forum]."). *But see contra Lane v. WSM, Inc.*, 575 F.Supp. 1246 (W.D.N.C.1983).

*Marino* is controlling in the instant case. Therefore, plaintiff's cause of action does not arise out of her ticket purchase in Rhode Island and Sea World is not subject to this Court's specific in personam jurisdiction.

The Court is aware of the ruling in *Forsythe v. Cohen*, 305 F.Supp. 1194 (D.R.I. 1969), which reached a result contrary to today's holding. However, *Forsythe* was issued prior to the First Circuit's *Marino* decision, and before an extensive development in Supreme Court jurisprudence concerning personal jurisdiction. In fact, in 1969, the Supreme Court had not even clearly developed the distinction between general and specific personal jurisdiction. Therefore, this Court respectfully disagrees with *Forsythe*.

Plaintiff contends in the alternative that if her slip and fall did not "arise out of" the Rhode Island ticket purchase, then it at least "relates to" this forum contact. The Supreme Court has declined to decide "whether the terms 'arising out of' and 'related to' describe different connections between a cause of action and defendant's contacts with a forum." *Helicopteros*, 466 U.S. at 415–16 n. 10, 104 S.Ct. at 1872 n. 10. While it may be possible under certain situations that "relate to" and "arise out of" are distinct terms, they are synonymous for purposes of the present case.

To hold that a tort that occurred at an out-of-state attraction "relates to" the purchase of a ticket in Rhode Island, such that the attraction's promoter is subject to this forum's personal jurisdiction, would vastly extend this Court's jurisdiction beyond the permissible boundaries of the due process clause of the Fourteenth Amendment. For example under that approach, if one purchased a ticket in Rhode Island to a professional basball game in California or Canada, or to an amateur football game in Hawaii, or to a concert in Boise, Idaho, and that individual slipped and fell during such an event, then the Stadium's or concert hall's owner would be compelled to defend itself in this forum. Moreover, travel agencies often create package tours including tickets to a panoply of global attrac-

tions. Under plaintiff's approach, this Court might find itself trying to exercise personal jurisdiction over the proprietors of the Great Wall of China, the Pyramids of Egypt, the ancient Roman Colliseum in Pula, Yugoslavia, and/or a gondola in Venice, Italy.

## CONCLUSION

Sea World is not subject to this Court's general in personam jurisdiction because it has not established the requisite level of continuous and systematic contacts with Rhode Island. Moreover, since plaintiff's cause of action did not arise out of or relate to a forum contact of defendant, Sea World is not subject to this Court's specific in personam jurisdiction. Therefore, Sea World's motion to dismiss for lack of personal jurisdiction hereby is granted.

*It is so Ordered.*