Jeffrey D. CONGDON, Sanford Miller and Express Leasing, Inc.

v.

Charles R. JACOBSON, William H. Johnson, Subaru of America, Fleet National Bank, and First Interstate Bank of Washington.

Civ. A. No. 89–0628B.

United States District Court, D. Rhode Island.

June 7, 1990.

Kevin M. Brill, Corrente & Brill, Providence, R.I., Robert P. Sherman, William J. O'Brien, Widett, Slater & Goldman, Boston, Mass., for Congdon.

Matthew McGowan, Trustee.

Piper & Marbury, C. Lamar Garren, Donna Hill Staton, Eric B. Miller, Baltimore, Md., Allen Rubine, Providence, R.I., for Subaru of America.

Michael Levin, Providence, R.I.

Matthew Medeiros, Providence, R.I., for Johnson.

Joseph C. Cavanagh, Jr., Karen A. Pelczarski, Blish & Cavanagh, Providence, R.I., for First Interstate Bank of Washington.

Matthew H. Feinberg, Segal, Moran & Feinberg, Boston, Mass., for Charles R. Jacobson.

## FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant matter has been referred to the United States Magistrate for Report and Recommendation pursuant to 28 U.S.C. Section 636. Presently before the Court is defendant First Interstate Bank of Washington's (First Interstate) motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).

*Statement of Facts*

This action was commenced in this Court pursuant to 28 U.S.C. Section 1332 based upon diversity of citizenship of the parties.

Plaintiff Jeffrey D. Congdon (Congdon) is a resident of Indiana. Plaintiff Sanford Miller (Miller) is a resident of Florida. These plaintiffs are minority shareholders of Better Vehicle Rentals of Rhode Island (BVRI), a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Plaintiff Express Leasing, Inc. (Express Leasing) is a Delaware corporation doing business as Budget Rent–a–Car, with its principal place of business in Daytona, Florida.

Defendants William H. Johnson (Johnson) and Charles R. Jacobson (Jacobson) are residents of Pennsylvania and Massachusetts, respectively. Defendant Fleet National Bank (Fleet) is a bank operating in Rhode Island with its principal place of business in Providence, Rhode Island. Defendant First Interstate is a national banking association with its principal place of business in the State of Washington.

Plaintiffs in the present action aver that defendant Johnson is the majority stockholder, President and a Director of BVRI, and that defendant Jacobson is the general manager, Vice President, Treasurer and a Director of BVRI. Plaintiffs' complaint alleges, *inter alia*, that Johnson and Jacobson have misappropriated and fraudulently diverted funds belonging to BVRI and others. Plaintiffs claim, in part, that Jacobson fraudulently endorsed or caused to be endorsed, certain checks in the name of Express Leasing with the intent to deceive the depository bank (Fleet) and the drawer bank (First Interstate) into disbursing funds. Plaintiff further says that funds belonging and intended for plaintiffs were diverted from BVRI by Jacobson and Johnson for their use.

First Interstate, in the present motion, moves the Court to dismiss the action against it for the lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

*Discussion*

Defendant First Interstate in this action asserts that it does not have sufficient minimum contacts with Rhode Island to enable this Court to exercise *in personam* jurisdiction over it. First Interstate's position is that it has never done business in Rhode Island; has never been qualified to do business in Rhode Island; has never had any "particular relationship" with Fleet (the depository bank) in Rhode Island other than the check on checks drawn on First Interstate that were deposited in Fleet Bank in Rhode Island.

In a diversity action, as here, *in personam* jurisdiction is determined by R.I.Gen.L. Sec. 9–5–33, Rhode Island's long arm statute.

The Supreme Court of Rhode Island has interpreted Section 9–5–33 to allow *in personam* jurisdiction to the full extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 809 (R.I.1985).

In determining whether exercise of a state's long arm statute violated due process, the Supreme Court has established a three part analysis. First one must determine whether the jurisdiction exercised is specific or general. Then, depending upon the type of jurisdiction that

is exercised, one must examine the nature of the defendant's contacts with the forum state. Finally, if the defendant has "minimum contacts" with the forum state, the Court must still inquire whether it is "unreasonable" for the Court to exercise personal jurisdiction. *Dupont Tire Service v. North Stonington Auto–Truck Plaza,* 659 F.Supp. 861 (D.R.I. 1987).

■ First Interstate recognizes correctly that "the concept of general jurisdiction calls for an examination into whether a defendant has purposeful and systematic contacts with a forum state." *Thompson Trading Ltd. v. Allied Lyons PLC,* 123 F.R.D. 417, 425 (D.R.I.1989). Here, there are no circumstances alleged that illustrate purposeful and systematic contacts between First Interstate and Rhode Island. The only contact apparent in the pleadings between First Interstate and Rhode Island was the alleged reimbursement to Fleet Bank of checks bearing forged endorsements drawn on First Interstate. Thus, defendant First Interstate is not subject to the general *in personam* jurisdiction of this Court because plaintiffs' complaint alleges no "continuous and systematic" contacts with the forum such that bringing him into court on any matter, whether arising out of those contacts or not, would not offend the due process requirements. *Davis v. Borges,* No. 88–0493P, slip op., 1989 WL 125314 (May 9, 1989), citing *Russo v. Sea World of Florida, Inc.,* 709 F.Supp. 39 (1989).

*In personam* jurisdiction exists over this defendant, if at all, as specific *in personam* jurisdiction. "When a controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction." *Helicopteros Nacionales De Columbia v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1983), citing *Shaffer v. Heintner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■ After a careful review of the record, I find that the plaintiffs have established the requisite "relationship among the defendant, the forum, and the litigation" that is the basis of specific" *in personam* jurisdiction. Here, the underlying basis of plaintiffs' claims, that the defendants Jacobson and Johnson misappropriated and fraudulently diverted funds, is directly related to First Interstate's action in reimbursing the depository bank in Rhode Island of funds purportedly drawn on forged signatures. The last event that was necessary for plaintiffs' claim to arise was for First Interstate (the drawer bank) to reimburse Fleet (the depository bank), thus enabling the defendants to allegedly redirect the funds belonging to plaintiffs.

"A single act can satisfy the minimum contact test of *International Shoe Co.*" [1] *Ben's Marine Sales v. Sleek Craft Boats,* — R.I. ——, 502 A.2d 808 (1985), citing *Trustees of the Sheppard and Enoch Pratt Hospital v. Smith,* 114 R.I. 181, 184, 330 A.2d 804, 806 (1975). First Interstate's contact with the forum state in this instance gave rise to the plaintiffs' claim and that single act is sufficient for this Court to exercise specific *in personam* jurisdiction.

A finding of specific personal jurisdiction under the circumstances of this case satisfies the requirement that "the defendants' conduct" in the forum must be "such that he should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980). Under the Uniform Commercial Code Section 3–419(1)(c) a payor bank is liable in conversion to the owner of an instrument if the instrument was paid on a forged indorsement. Accepting the plaintiffs' allegations as true for the purpose of this motion, the defendant here "should reasonably anticipate" becoming liable for conversion after paying on a forged endorsement. Therefore, the *World Wide Volkswagen* test is satisfied and the exercise of jurisdiction is reasonable.

Based on the foregoing analysis of the facts and case law regarding minimum contacts, it is clear that the minimum contacts test has been satisfied and this Court exer-

1. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

**38**

cises specific *in personam* jurisdiction over the defendant.

A Magistrate's Findings and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Report must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Report. Rule 32, Local Rules of Court, Rule 72(b), Fed.R. Civ.P. Failure to timely file specific objections to the Magistrate's Report, findings, or recommendations is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *U.S. v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).

A review of the Magistrate's Report by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir.1988).

*Recommendation*

Defendants' motion to dismiss for lack of *in personam* jurisdiction should be denied. I so recommend to the Court.