**OMNI VIDEO GAMES, INC.**

v.

**WING COMPANY, LTD., Yamate USA Corp., John Dugas, Haruo Inoue.**

**Civ. A. No. 89-0690-L.**

United States District Court,
D. Rhode Island.

Jan. 28, 1991.

Robert J. Cosentino, Providence, R.I., for plaintiff.

Robert M. Duffy, Wm. R. Grimm, Providence, R.I., for defendants Wing Co. and Inoue.

Robert W. Lovegreen, Gidley, Lovegreen & Sarli, Providence, R.I., for defendants Yamate USA Corp. and John Dugas.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

All defendants have moved to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In a similar suit between the identical parties in state court, the Rhode Island Supreme Court recently determined that no defendant had minimum contacts with Rhode Island. The only difference between this action and the state suit is the existence here of a federal Racketeer Influenced and Corrupt Organizations ("RICO") claim. This Court's authority to exercise personal jurisdiction over the defendants depends on the breadth of RICO's nationwide service of process provision. 18 U.S.C. § 1965(d). Because defendants Wing Company Ltd. ("Wing") and Haruo Inoue ("Inoue") were not served in this country, their motions to dismiss are granted. Because defendants Yamate USA Corporation ("Yamate") and John Dugas ("Dugas") were served in this country, their motions to dismiss are denied.

## BACKGROUND FACTS

Omni Video Games, Inc. ("Omni"), a Rhode Island corporation, brought this suit alleging copyright infringement, Lanham Act violations, federal RICO claims and state law unfair competition claims. The four defendants are best grouped into two groups of two members. The first group consists of Wing, a Japanese corporation, and Inoue, an officer and agent of Wing. The second group consists of Yamate, a District of Columbia corporation with its principal place of business in Massachusetts, and Dugas, the Executive Vice–President and Treasurer of Yamate.

The controversy at issue in this case centers around the rights of ownership and distribution of an electronic video game. On September 14, 1985 Inoue executed on behalf of Wing a distributorship agreement for the area of Australia with distributors Frank Yates ("Yates") and Leslie Jones ("Jones"). That agreement acknowledges that Yates and Jones developed a "unique system of scoring" known as the "LTI System" for the video game manufactured by Wing.

On October 28, 1986 Yates and Jones assigned to Omni "any and all of its rights" which it received pursuant to the distribution agreement. What Omni received by this assignment was the rights of distribution in Australia plus the rights to the LTI scoring system if used anywhere in the world. In the meanwhile Wing granted Yamate rights to a video game entitled "Lucky–8." Omni now alleges that all four defendants have infringed upon its rights to the LTI System by Yamate's marketing and selling of "Lucky–8" in the United States.

Omni instituted this action on December 26, 1989. This Court denied an ex parte application for a temporary restraining order on January 3, 1990 and denied entry of a preliminary injunction on January 23, 1990 after conducting an evidentiary hearing. The reason for refusing to issue an injunction was that this Court determined that plaintiff had failed to exhibit a likelihood of success on the merits of the copyright, Lanham Act and unfair competition claims. The Court came to that conclusion because it appears that the LTI scoring system (which belongs to plaintiff by virtue of the assignment) was not incorporated into the "Lucky–8" game that Yamate has a right to distribute in the United States.

Hearing on the motions to dismiss[1] were then held on October 11, 1990 and December 18, 1990, at which time the matter was taken under advisement.

## DISCUSSION

This Court is able to exercise personal jurisdiction over any defendant properly subject to service of process under the Rhode Island long-arm statute. Because that statute has been held to reach to the fullest extent of the fourteenth amendment, *Conn. v. ITT Aetna Finance Co.*, 105 R.I. 397, 402, 252 A.2d 184, 186 (1969), any defendant who has "certain minimum contacts" with Rhode Island may be subject to this Court's personal jurisdiction. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). An in-depth analysis of the contacts of the four defendants with the State of Rhode Island in this case is unnecessary. The Rhode Island Supreme Court in an order issued on December 14, 1990 held that "defendants had no minimum contacts with the state, and therefore, the Superior Court could not exercise personal jurisdiction over the defendants." That order precludes litigation of the issue of minimum contacts in this suit. *Violet v. Picillo*, 613 F.Supp. 1563, 1573–74 (D.R.I. 1985).

■■■ It is clear that the Rhode Island long-arm statute does not authorize this Court to exercise personal jurisdiction over the defendants. However, because plaintiff has alleged a federal RICO cause of action, it is necessary to analyze whether any defendant is subject to this Court's personal jurisdiction pursuant to RICO's nationwide service of process provision. 18 U.S.C. § 1965(d). As this Court recently held, personal jurisdiction over a defendant may exist by virtue of nationwide service of process even where that defendant has no minimum contacts with the forum state. *Bridge v. Invest America, Inc.*, 748 F.Supp. 948, 949 (D.R.I.1990). Where Congress has authorized nationwide service of process, the personal jurisdiction power of this Court is "coextensive with the boundaries of the United States, [and] due process requires only that a defendant in a federal suit have minimum contacts with the United States." *FTC v. Jim Walter Corp.*, 651 F.2d 251, 256 (5th Cir.1981). *See also Violet*, 613 F.Supp. at 1569 (noting that a federal district court's jurisdictional reach expands beyond that of the long-arm statute of the state in which it sits when a nationwide service of process provision is applicable). In this case, RICO's nationwide service of process provision allows this Court to exercise jurisdiction over defendants Yamate and Dugas, but not defendants Wing and Inoue.

■■■ RICO does not allow this Court to exercise personal jurisdiction over defendants Wing and Inoue because they were served in Japan, not the United States. RICO provides for nationwide service of process, not international service of process. *See Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.Supp. 1279, 1285 (S.D.N.Y.1989) ("Despite the broad scope of service permissible under § 1965(d), it has been construed not to provide for international service."). *See also Soltex Polymer Corp. v. Fortex Indus., Inc.*, 590 F.Supp. 1453, 1460 (E.D.N.Y.1984) ("Although RICO authorizes nationwide service of process, see U.S.C. § 1965, it does not, by its very language, authorize service in a foreign country.")

■■■ Both Yamate and Dugas were served within the United States. Both have minimum contacts with the United States. Therefore this Court has jurisdic-

---

**1.** Along with their Rule 12(b)(2) motion, defendants Wing and Inoue filed Rule 12(b)(1) and Rule 12(b)(4) motions challenging subject matter jurisdiction and sufficiency of service of process, respectively. Because their Rule 12(b)(2) motion to dismiss is granted, these other motions need not be addressed.

Defendants Yamate and Dugas supplemented their Rule 12(b)(2) motion with a Rule 12(b)(4) motion to dismiss and a motion to dismiss the copyright counts based on 17 U.S.C. § 411. Their Rule 12(b)(4) motion is based on their lack of minimum contacts with Rhode Island—an inconsequential fact here since RICO authorizes nationwide service of process. That motion is therefore denied. The copyright argument is premature and the motion to dismiss on that basis at this time is denied.

tion over them under the authority of section 1965(d). *See Bridge*, 748 F.Supp. at 951.

Yamate and Dugas in both their written and oral arguments to this Court argued that neither defendant "resides, is found, has an agent, or transacts his/its affairs in this District." This argument, which relies on section 1965(a)[2], is strong but irrelevant. Section 1965(a) is the "basic RICO *venue* provision." *Bridge*, 748 F.Supp. at 951 (emphasis added). Neither Yamate nor Dugas filed a Rule 12(b)(3) motion challenging the appropriateness of venue. Rather, they challenged only the existence of personal jurisdiction. As this Court made clear in *Bridge:*

> [Defendant's] failure to raise a timely objection to venue has resulted in the waiver of that defense. *See generally* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1391 (1990) ("[A]ny time defendant makes a pre-answer Rule 12 motion, he must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b)."). Furthermore, this Court is unable to raise a venue objection on its own motion. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976) (stating that it is generally "inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint that would be waived if not raised by the defendant[s] in a timely manner").

748 F.Supp. at 953. Yamate and Dugas have waived their right to challenge the appropriateness of venue in this action.

## CONCLUSION

Wing and Inoue's motions to dismiss for lack of personal jurisdiction are granted. Neither have minimum contacts with this forum's state and both were served outside of the United States. Yamate and Dugas's motions to dismiss for lack of personal jurisdiction are denied. Although neither have minimum contacts with Rhode Island, both were served in the United States. Thus, RICO's nationwide service of process provision allows this Court to exercise jurisdiction over them. Any challenge Yamate and Dugas may have had to the appropriateness of this venue has been waived. *It is so Ordered.*

---

**2.** Section 1965(a) states: "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."